IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SPJST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:24-CV-00376-ADA-JCM |
| | § | |
| EQUISOFT, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Equisoft, Inc.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 4). For the reasons described below, the Court **RECOMMENDS** that Defendants' Motion be **DENIED.**

Plaintiff sued Defendant in Texas state court. Notice of Removal (ECF No. 1), Ex. A. Defendant filed a Motion to Dismiss Plaintiff's Petition under Rules 9(b) and 12(b)(6). Def.'s Mot. Dismiss Pl.'s Compl. (ECF No. 4). In response, Plaintiff filed an Amended Complaint labeled as "SPJST's Original Complaint." Pl.'s Am. Compl. (ECF No. 8). In response, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 11.

Plaintiff's amended complaint renders the original complaint of no legal effect because the amended complaint does not refer to, adopt, or incorporate by reference the original complaint.

*King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Generally, an amended complaint renders pending motions moot. *See Cedillo v. Standard Oil Co. of Tex.*, 261 F.2d 443 (5th Cir. 1958) (holding that the district court erred in granting an abandoned motion to dismiss). Here, Defendant filed a motion to dismiss Plaintiff's amended complaint. Accordingly, the Court **RECOMMENDS** that the Motion to Dismiss be **DENIED AS MOOT.**

## I.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 22nd day of August 2024.**

_____
**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**